IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM E. TURNER                               :

    Plaintiff                                  :

v                                               :           Civil Action No. RWT-08-2565

TYRONE HURT,                                    :
UNITED STATES OF AMERICA, and
UNITED STATES DISTRICT COURT                    :

    Defendants                                 :

o0o

## MEMORANDUM OPINION

The above-captioned case was instituted upon receipt of Plaintiff's complaint seeking immediate release from incarceration and referencing his criminal case number from this court. *See United States v. Turner,* Criminal Case RWT-04-235 (D. Md. 2004). Based on the relief sought, the pleading is more appropriately construed a Motion to Vacate pursuant to 28 U.S.C. § 2255. For the following reasons, the case will be dismissed.

Mr. Turner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in Criminal Case RWT-04-235 on June 25, 2007. *See Turner*, RWT-04-235 at Paper No. 1137. To the extent the instant filing is a 2255 motion, it is successive. As such, the motion may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

>movant guilty of the offense; or (2) a new rule of
>constitutional law, made retroactive to cases on
>collateral review by the Supreme Court, that was
>previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this court may not consider the merits of his claim unless and until he receives such certification.

To the extent the pleading is not a 2255 motion, it does not clearly state any particular facts or basis for a claim, but contains conclusory statements that Plaintiff's due process rights were violated. As such, it fails to state a claim upon which relief may be granted.[1]

October 24, 2008  /s/
Date ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] The return address noted on the envelope containing Plaintiff's pleading is illegible. Thus, the Clerk shall not be required to mail this Memorandum Opinion or the Order that follows to Plaintiff unless or until he contacts the Court again and provides a legible return address.